IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| MICHAEL RANKINS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    Civil Action No. 5:21-00500 |
| | ) |
| D.L. YOUNG, | ) |
| | ) |
|     Defendant. | ) |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Plaintiff's "Motion for Involuntary Dismissal Pursuant to Fed.R.Civ.P. 41(b)" (Document No. 7), filed on November 12, 2021. By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.)

**FACTUAL AND PROCEDURAL HISTORY**

By Order entered on September 9, 2021, the undersigned construed Plaintiff's Section 2241 Petition as new civil action under Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619 (1971), thereby initiating the above action.[1] (Document Nos. 1, 3, and 4.) The undersigned further directed that "within 30 days of the date of entry of this Order (1) [Plaintiff] shall file the form Complaint specifying, amount other things, the names of individual Defendant(s) in his Bivens action and stating specific facts as to how each defendant violated his constitutional rights, and (2) [Plaintiff] shall either pay the filing

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

and administrative fee totaling $402 or file the Application to Proceed *in Forma Pauperis*." (Document No. 3.) Finally, the undersigned notified Plaintiff that failure to comply with the above requirements within thirty (30) days from the date of this Order "will result in a recommendation of dismissal of this matter without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia." (Id.) Plaintiff, however, has not filed his form Complaint or Application to Proceed *in Forma Pauperis* in response to the Court's Order that was entered approximately two months ago. On November 12, 2021, Plaintiff filed a "Motion for Involuntary Dismissal Pursuant to Fed.R.Civ.P. 41(b)." (Document No. 7.) Specifically, Plaintiff requests that "this Court enter an Order granting his Motion for Involuntary Dismissal Pursuant to Fed.R.Civ.P. 41(B)." (Id.)

## **ANALYSIS**

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or any order of court, a *defendant* may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b)(emphasis added). Rule 41(a)(1)(A)(i), however, provides that a plaintiff may voluntarily dismiss an action without a Court Order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]" Rule 41(a)(1)(B) states in pertinent part, as follows:

> Unless the notice of dismissal or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal – or state – court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The purpose of the Rule respecting voluntary dismissal "is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." Davis v. USX Corp.,

819 F.2d 1270, 1273 (4th Cir. 1987). "A plaintiff's motion under Rule 41(a)(2) should not be denied absent substantial prejudice to the defendant." Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986). It is well established that prejudice to the defendant does not result from the prospect of a second lawsuit. See Vosburgh v. Indemnity Ins. Co. of North America, 217 F.R.D. 384, 386 (S.D. W.Va. Sep. 12, 2003). The undersigned, therefore, finds that Plaintiff's above Motion for Dismiss should be construed as being filed pursuant to Rule 41(a) instead of Rule 41(b). In considering a Motion under Rule 41(a)(2), the District Court should consider the following relevant, but non-dispositive, factors: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending." Id.

In the instant case, the Defendant has neither filed an Answer nor otherwise pled. Accordingly, the undersigned respectfully recommends that Plaintiff's Motion requesting voluntary dismissal of this action be viewed under Federal Rule of Civil Procedure 41(a)(1)(A) and that the instant civil action be dismissed under Rule 41(a)(1)(A)(i) without prejudice. See e.g., Camacho v. Mancuso, 53 F.3d 48, 51 (4th Cir. 1995)(Rule 41(a)(1) "only allows a unilateral dismissal prior to a defendant's filing an answer to the complaint or filing a motion for summary judgment.")

### **PROPOSAL AND RECOMMENDATION**

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **CONSTRUE** Plaintiff's Motion to Dismiss (Document No. 7) as filed pursuant to Rule 41(a), **GRANT** Plaintiff's Motion to Dismiss (Document No. 7), **DISMISS** Plaintiff's Petition/Complaint

(Document Nos. 1 and 4) without prejudice, and **REMOVE** this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Frank W. Volk. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Volk and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*.

Date: November 15, 2021.

Omar J. Aboulhosn
United States Magistrate Judge